Bv the Court.
1. Where two or more defendants are jointly indicted for the same offense, the question whether they shall be jointly or separately tried is one which addresses itself to the discretion of the court before which the indictment is pending; and, as a general rule, the exercise of this discretion can not be reviewed-on error. Bixbee v. The State, G Ohio, 86. Nothing is shown in this case to withdraw it from the general rule.
2. Under the “ act to provide for struck juries,” etc. (Swan’s Rev. Stat. 492), a struck jury is demandable, as of right, by either the defendant or-the state in all criminal cases, save those in which one of the parties is entitled to more than two peremptory challenges.
3. This right may be waived by the parties for whose benefit it was intended. And where sufficient time intervenes before the day set for the trial of the ease to allow the parties-—exercising a reasonable diligence—due opportunity, under all the circumstances, for claiming a struck jury/ the demand of one on that day comes too late, and the parties must be taken to have waived the privilege.
4. But, though the parties may forego it, the privilege, if not waived, is an absolute and universal one in the cases to which the statute applies; and the refusal of a general right, formally demanded, is always deemed error unless it be manifest, by the record, that the right, in the given case, has been waived.
5. Accordingly, where, on error, it appeared that an indictment was found by a “ new grand jury,” impaneled on the twelfth day1 of the same term at which the indictment *was tried; that before the trial, but on the day set therefor, the defendants, in due form, demanded a struck jury, which was refused by the court, after which the defendants were obliged to go to trial before a common jury, and there was nothing to indicate how long a time-had elapsed between the presentation of the indictment and the demand so made—held, that, upon the record, the defendants had not lost or otherwise waived their right to a special jury by an unreasonable-delay in asserting it, and that the denial of this right must,, under the apparent circumstances, be deemed erroneous.
Folger, Beamy, Bierce & Pease, for plaintiffs in error.
Wolcott, attorney-general, for the state.
Judgment reversed, and the case remanded for further proceedings.